UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DOE,

        Plaintiff,

        v.                                            Case No. 23-cv-0296-bhl

PROHEALTH CARE,

        Defendant.

## ORDER

On March 3, 2023, Plaintiff, using the pseudonym "John Doe," filed this class action lawsuit against Defendant ProHealth Care, alleging that the company illegally disclosed clients' personally identifiable information (PII) and protected health information (PHI) to third parties, including Meta Platforms, Inc. d/b/a Meta ("Facebook"). (ECF No. 1.) He also moved to proceed anonymously. (ECF No. 4.) ProHealth Care has not opposed the motion, but regardless, a district court "judge has an independent duty to determine whether exceptional circumstances justify . . . a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Because Doe has demonstrated exceptional circumstances, his motion will be granted.

"Anonymous litigation is disfavored and should be permitted only under exceptional circumstances." *Doe ex rel. Doe v. Elmbrook School Dist.*, 658 F.3d 710, 722 (7th Cir. 2011) (internal citations omitted), *overruled on other grounds by Doe ex rel. Doe v. Elmbrook School Dist.*, 687 F.3d 840 (7th Cir. 2012). But "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Thus, "fictitious names are allowed when necessary to protect . . . particularly vulnerable parties." *Blue Cross & Blue Shield*, 112 F.3d at 872.

John Doe considers himself "particularly vulnerable" because publication of his real name alongside any of his improperly released PII and PHI would make him a prime target for "identity theft, medical identity theft, fraud and financial loss, discrimination, stigma, mental anguish and other negative consequences." (ECF No. 4 at 6.) The United States Department of Health and Human Services (HHS) appears to agree. In recently released guidance materials, HHS warns that "an impermissible disclosure of PHI may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI." U.S. DEP'T OF HEALTH & HUMAN SERVS., USE OF ONLINE TRACKING TECHNOLOGIES BY HIPAA COVERED ENTITIES AND BUSINESS ASSOCIATES, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (last visited Mar. 29, 2023). This suggests the potential for a high degree of harm if Doe is not allowed to proceed anonymously. And there is virtually no prejudice on the other side because Doe has promised to reveal his true identity to ProHealth Care so that it can adequately investigate his claims. (ECF No. 4 at 2.) It is also noteworthy that public disclosure of Doe's identity might cause him to incur "the injury litigated against." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017). Accounting for all of these factors, the Court finds that Doe has rebutted the presumption of public identification and should be allowed to proceed anonymously.

Accordingly,

**IT IS HEREBY ORDERED** that John Doe's Motion to Proceed Anonymously, ECF No. 4, is **GRANTED**.

Dated at Milwaukee, Wisconsin on April 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge